Brian E. Bisol (State Bar No. 180672)
bbisol@bisolfirm.com
The Bisol Firm
19900 MacArthur Boulevard, Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

Attorneys for Plaintiffs and Counterdefendants
Better Life Products, Inc., and Ecstacy Incorporated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

BETTER LIFE PRODUCTS, INC., a California corporation, and ECSTACY INCORPORATED, a California corporation

Plaintiffs,

vs.

MICHAEL KULICH, an individual, BRIAN PETRUZZI, an individual, and GLOBAL LIFE ENHANCEMENTS, INC., a New Jersey corporation,

Defendants.

AND RELATED ACTIONS.

Case No.: 07-6886-GHK (SHx)

**PROTECTIVE ORDER**

Complaint Filed: October 22, 2007
Trial Date: None

Having considered the Stipulation for Entry of Protective Order, and good cause appearing therefor,

IT IS SO ORDERED as follows:

1. In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as “Confidential” or “Confidential – Attorney Eyes Only” under the terms

of this Stipulated Protective Order ("hereinafter "Order"). Confidential information is information which has not been made public and includes but is not limited to the processes, operations, type or work, or apparatus, or the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the terms of agreements or other confidential business information, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," unless otherwise indicated by the producing party.

3. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court. The burden of proving that the information has been properly designated as protected is on the party challenging such designation.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," by making a statement to that effect on the record at the deposition or other

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," and to label such portions appropriately.

5. Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material"), shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Subject to the terms of Paragraph 8, Confidential Material designated "CONFIDENTIAL," and produced pursuant to this Order, may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) Court reporter(s) employed in this action;

(d) A witness at any deposition or other proceeding in this action; and

(e) Any other person as to whom the parties in writing agree.

7. Subject to the terms of Paragraph 8, Confidential Material designated "CONFIDENTIAL – ATTORNEY EYES ONLY," and produced pursuant to this Order, may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) Experts or consultants (together with their clerical staff) retained

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

by such counsel to assist in the prosecution, defense, or settlement of this action;

(b) Court reporter(s) employed in this action;

(c) A witness at any deposition or other proceeding in this action to the extent the Confidential Material designated "CONFIDENTIAL – ATTORNEY EYES ONLY," was authored by or addressed to the person testifying or such person is established as knowledgeable or such Confidential Material prior to the testimony; and

(d) Any other person as to whom the parties in writing agree.

8. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a "Nondisclosure Agreement" in the form of Attachment "A," which shall be retained by counsel for the party obtaining the Nondisclosure Agreement.

9. Portions of depositions involving "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" shall be taken only in the presence of qualified persons.

10. At no time shall any person who receives or learns of Confidential Material produced in this case disclose, release or use such information in any manner other than as provided in Paragraph 5 herein; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or form disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL – SUBJECT TO COURT ORDER" and filed under seal until further Order of this Court.

12. In the event that any Confidential Material is used in any Court

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

proceeding in this action, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the questions of whether any particular document or information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the Confidentiality or Non-Confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall affect the parties' ability to raise objections or oppose discovery on any appropriate ground, including without limitation, that the discovery at issue involves confidential, proprietary, and trade secret information. The parties' stipulation to a protective order and the Court's entry of a protective order shall not constitute an entitlement to information that may be subject to the protective order. Any appropriate objection may be raised by the parties and should be evaluated and reviewed by the Court as if there were no Protective Order.

15. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

known to the public, and the Court shall retain jurisdiction: (i) to resolve any dispute concerning the use of information disclosed hereunder; and (ii) to enforce the provisions of this Order following termination of this litigation. Upon termination of this case, counsel for the parties shall assemble and return to one another all documents, materials and deposition transcripts designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," and all copies of same, or shall certify the destruction thereof, within forty-five (45) days.

16. Notwithstanding Paragraph 15, the attorneys of record for a party may retain indefinitely, in "secured storage" (defined below), a reasonable number of archival copies of protected information. Such protected information may not be sued or disclosed except: (i) as permitted by this Order, (ii) by agreement of the producing party in question, or (iii) by further order of this court. The archival copies may be in hard-copy, electronic, magnetic, optical-disk or other form, or any combination thereof. By way of example and not limitation, outside counsel may maintain, e.g., a set of production documents; as set of pleadings, briefs, and similar Court papers; a set of trial exhibits; a copy of the record on appeal; a reasonable number of backup tapes containing protected information in electronic form that had been maintained on law firm computer networks (i.e., counsel need not specifically purge the firms' routine backup tapes of protected information as long as the backup tapes are kept in secure storage); and the like. "Secure storage" for archival copies of protected information does not include storage that is routinely physically accessible from a local-area network, wide-area network, of the Internet.

17. Upon final disposition of this action (whether by judgment, settlement, or otherwise), all documents, testimony and other materials which contain Confidential Material and which have been marked for identification and/or introduced into evidence in this action may be withdrawn form Court and returned to the respective parties who marked and/or introduced the material.

/ / / /

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

18. In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all parties to the action with respect to any protected information to be provided to the requesting party by the nonparty.

DATED: 3/18/08

/ S /

Stephen J. Hillman
United States Magistrate Judge

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

**Attachment "A"**

**NONDISCLOSURE AGREEMENT**

I, ________________________________, do solemnly swear that I am fully familiar with the terms of the Protective Order, dated ________________, 2008, entered in the matter of *Better Life Products, Inc., et al., v. Michael Kulich, et al.*, Federal District Court for the Central District of California, Case no. CV 07-6886 GHK (SHx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

DATED: ________________________ ______________________________

Title: ________________________

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

Brian E. Bisol (State Bar No. 180672)
bbisol@bisolfirm.com
The Bisol Firm
19900 MacArthur Boulevard, Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027

Attorneys for Plaintiffs and Counterdefendants
Better Life Products, Inc., and Ecstacy Incorporated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BETTER LIFE PRODUCTS, INC., a California corporation, and ECSTACY INCORPORATED, a California corporation<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL KULICH, an individual, BRIAN PETRUZZI, an individual, and GLOBAL LIFE ENHANCEMENTS, INC., a New Jersey corporation,<br><br>Defendants.<br><br>______________________________<br><br>AND RELATED ACTIONS. | Case No.: 07-6886-GHK (SHx)<br><br>**CERTIFICATE OF SERVICE**<br><br>Complaint Filed: 10/22/07 |

I hereby certify that on March 17, 2008, the foregoing document entitled: **[PROPOSED] PROTECTIVE ORDER** was served by electronic mail through the Court's Electronic Filing System on the following counsel at the following electronic mail addresses:

Gary Kurtz gary@garykurtzlaw.com

/ / / /

/ / / /

Executed this 17th day of March 2008.

s/ Brian E. Bisol

Brian E. Bisol

THE BISOL FIRM
19900 MacArthur Boulevard
Suite 890
Irvine, California 92612-8400
Telephone: (949) 833-1025
Facsimile: (949) 833-1027